IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELLE L. BUCHET,

    Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:15-CV-2431-CMK

MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on October 4, 2011. In the application, plaintiff claims that disability began on March 1, 2008. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, and hearings were held on April 11, 2013, March 19, 2014, and June 24, 2014, before Administrative Law Judge ("ALJ") Peter F. Belli. In an August 11, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. Through the date last insured (March 31, 2013), the claimant had the following severe impairment(s): depression and anxiety;

2. Through the date last insured, he claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. Through the date last insured, the claimant had the following residual functional capacity: the claimant could perform a full range of work at all exertional levels, but with the following non-exertional limitations:

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on September 23, 2015, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones

v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of examining physician Dr. Cormier and treating physician Dr. Swanson. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831.

While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

**A.      Dr. Cormier**

As to Dr. Cormier, the ALJ stated:

> During the consultative evaluation on January 30, 2012, Dr. Sid Cormier gave her a GAF score of 55, and stated that she was very significantly impaired in the ability to deal with typical stresses that she might encounter in a competitive work situation, moderately to seriously impaired in the ability to perform simple and repetitive tasks, maintain regular attendance and perform her work activities on a consistent basis, complete a normal workday or workweek without interruption, and that she was moderately impaired in the ability to interact with coworkers and general public, and both in pace and persistence. He further stated that she decompensated significantly near the middle of the evaluation and may well decompensate if placed in a competitive work situation. Since her alleged onset date, the highest GAF that has been assessed her was by Dr. Cormier with a GAF of 55 (Exhibit 4F).

* * *

///

> On February 14, 2012, State agency psychological consultant Adrianne Gallucci, Psy.D., discussed Dr. Cormier's exam in determining the severity of the claimant's mental impairments. Dr. Gallucci noted that the claimant was alert and oriented to person, place, time, and situation. Her sensorium was clear. She denied any history or expense of hallucinations or delusions, nor was there . . . any in evidence throughout the evaluation. Her thought processes were logical and sequential with no indications of significant disorganization of thinking. Her mood appeared to be significantly depressed and anxious with a labile quality or affect. Her concentration capacity appeared intact. Her abstract thinking ability appeared adequate. Her diagnosis was major depressive disorder, panic disorder, and general anxiety disorder. However, Dr. Gallucci noted that Dr. Cormier's MSS was very restrictive and inconsistent with the evaluation. However, Dr Cormier also indicated that improvement was expected with ongoing treatment (Exhibits 1A/8, 4F).
>
> * * *
>
> The undersigned concurs with the State agency and accords minimal evidentiary weight to the opinion of Dr. Cormier who evaluated the claimant in January of 2012. The doctor accorded her a GAF of 55, which is indicative of moderate symptoms. However, he found her unable to function mentally and moderately to seriously impaired in her ability to even perform simple repetitive tasks (Exhibit 4F).

Plaintiff argues that "[t]he GAF score in of it self should not discredit, the mental status examination. . . ."

The court does not agree with plaintiff's reading of the ALJ's decision. Rather than citing the GAF score assessed by Dr. Cormier to "discredit" the doctor's opinion, the ALJ cited the GAF score among other findings by Dr. Cormier to illustrate the internal inconsistency in the doctor's opinion. Specifically, Dr. Cormier opined that plaintiff was significantly impaired in a number of functional categories. Yet Dr. Cornier also opined that plaintiff's overall functional ability, as indicated by a GAF score of 55, is only moderately impaired. This is the same inconsistency discussed by Dr. Gallucci, who observed that the significant limitations opined by Dr. Cormier were not supported by the doctor's own objective findings. The court finds that the ALJ properly noted this inconsistency in assigning Dr. Cormier's opinion reduced weight.

///

**B.     Dr. Swanson**

Plaintiff argues that the ALJ "did not address, discuss, or give any weight to Dr. Swanson's April 2014 opinion." Defendant concedes error, but argues it is harmless.

The Ninth Circuit has applied harmless error analysis in social security cases in a number of contexts. For example, in Stout v. Commissioner of Social Security, 454 F.3d 1050 (9th Cir. 2006), the court stated that the ALJ's failure to consider uncontradicted lay witness testimony could only be considered harmless ". . . if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Id. at 1056; see also Robbins v. Social Security Administration, 466 F.3d 880, 885 (9th Cir. 2006) (citing Stout, 454 F.3d at 1056). Similarly, in Batson v. Commissioner of Social Security, 359 F.3d 1190 (9th Cir. 2004), the court applied harmless error analysis to the ALJ's failure to properly credit the claimant's testimony. Specifically, the court held:

> However, in light of all the other reasons given by the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied there was substantial evidence supporting the ALJ's decision. Any error the ALJ may have committed in assuming that Batson was sitting while watching television, to the extent that this bore on an assessment of ability to work, was in our view harmless and does not negate the validity of the ALJ's ultimate conclusion that Batson's testimony was not credible.

Id. at 1197 (citing Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990)).

In Curry, the Ninth Circuit applied the harmless error rule to the ALJ's error with respect to the claimant's age and education. The Ninth Circuit also considered harmless error in the context of the ALJ's failure to provide legally sufficient reasons supported by the record for rejecting a medical opinion. See Widmark v. Barnhart, 454 F.3d 1063, 1069 n.4 (9th Cir. 2006).

The harmless error standard was applied in Carmickle v. Commissioner, 533 F.3d 1155 (9th Cir. 2008), to the ALJ's analysis of a claimant's credibility. Citing Batson, the court stated: "Because we conclude that . . . the ALJ's reasons supporting his adverse credibility finding are invalid, we must determine whether the ALJ's reliance on such reasons was harmless

error." See id. at 1162. The court articulated the difference between harmless error standards set forth in Stout and Batson as follows:

> . . . [T]he relevant inquiry [under the Batson standard] is not whether the ALJ would have made a different decision absent any error. . . it is whether the ALJ's decision remains legally valid, despite such error. In Batson, we concluded that the ALJ erred in relying on one of several reasons in support of an adverse credibility determination, but that such error did not affect the ALJ's decision, and therefore was harmless, because the ALJ's remaining reasons *and ultimate credibility determination* were adequately supported by substantial evidence in the record. We never considered what the ALJ would do if directed to reassess credibility on remand – we focused on whether the error impacted the *validity* of the ALJ's decision. Likewise, in Stout, after surveying our precedent applying harmless error on social security cases, we concluded that "in each case, the ALJ's error . . . was inconsequential to the *ultimate nondisability determination*."
>
> Our specific holding in Stout does require the court to consider whether the ALJ would have made a different decision, but significantly, in that case the ALJ failed to provide *any reasons* for rejecting the evidence at issue. There was simply nothing in the record for the court to review to determine whether the ALJ's decision was adequately supported.

Carmickle, 533 F.3d at 1162-63 (emphasis in original; citations omitted).

Thus, where the ALJ errs in not providing any reasons supporting a particular determination (i.e., by failing to consider lay witness testimony), the Stout standard applies and the error is harmless if no reasonable ALJ could have reached a different conclusion had the error not occurred. Otherwise, where the ALJ provides analysis but some part of that analysis is flawed (i.e., some but not all of the reasons given for rejecting a claimant's credibility are either legally insufficient or unsupported by the record), the Batson standard applies and any error is harmless if it is inconsequential to the ultimate decision because the ALJ's disability determination nonetheless remains valid.

In this case, the ALJ erred by failing to provide any reasons for rejecting Dr. Swanson's April 2014 opinion. Applying the Stout standard, the court concludes that the error is harmless because no reasonable ALJ would have credited Dr. Swanson's April 2014 opinion which was irrelevant to the period of disability at issue in this case which ended in March 2013.

7

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 18, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE